IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| Joe Daniels, | ) | Civ. No. 10-00495 HG-BMK |
|---|---|---|
| Petitioner, | ) | Cr. No. 08-00104-HG-3 |
| vs. | ) | |
| United States of America, | ) | |
| Respondent. | ) | |

**AMENDED ORDER DENYING PETITIONER'S PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The Court's February 23, 2011 Order (Doc. 3) is hereby amended to include the following correction. The only change is to add an omitted word on pages 19-20. The sentence "Petitioner is not entitled to a certificate of appealability because has made a substantial showing of the denial of a constitutional right" is amended to read: "Petitioner is not entitled to a certificate of appealability because he has **not** made a substantial showing of the denial of a constitutional right." (emphasis added).

Petitioner filed a Petition for Habeas Corpus relief under 28 U.S.C. § 2255. Petitioner claims that the Court lacked subject-matter jurisdiction, the statutes on which his conviction was based are unconstitutional, the grand jury was improperly composed, and

1

his counsel was ineffective. The Petition for relief under 28 U.S.C. § 2255 is **DENIED.** Petitioner is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right.

**PROCEDURAL HISTORY**

On September 5, 2008, Petitioner was adjudicated guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (Count 1), attempt to possess with intent to distribute 50 grams or more of methamphetamine (Count 2), and possession with intent to distribute 50 grams or more of methamphetamine (Count 3). (See Doc. 121).

On January 28, 2009, Petitioner filed a notice of appeal of his sentence. (Doc. 122).

On October 28, 2009, the Ninth Circuit Court of Appeals issued a memorandum decision affirming Petitioner's sentence. (Doc. 136).

On August 26, 2010, Petitioner filed a Habeas Corpus Petition to Vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Doc. 139).

On September 21, 2010, Petitioner filed an "Errata" to his Petition. (Doc. 143).

On November 17, 2010, the United States filed an Opposition. (Doc. 144).

On December 6, 2010, Petitioner submitted two filings, both entitled "Traverse and Motion to Dismiss." (Doc. 147).

On December 30, 2010, the Court issued an Order declaring that Petitioner's two "Traverse and Motion to Dismiss" filings constitute a Reply in support of Petitioner's Habeas Corpus Petition. (Doc. 152)

On January 14, 2011, the United States filed a supplemental Response to Petitioner's Habeas Corpus Petition. (Doc. 154).

On January 31, 2011, Petitioner filed a Reply to the government's supplemental Response. (Doc. 155).

**BACKGROUND**

On February 13, 2008, a grand jury returned an indictment charging Petitioner with conspiring with two co-defendants to distribute and possess with intent to distribute fifty pounds of methamphetamine, and with attempting to distribute and possess with intent to distribute fifty pounds of methamphetamine. (Indictment at 1-2 (Doc. 10)).

Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (Count 1), attempt to possess with intent to distribute 50 grams or more of methamphetamine (Count 2), and possession with intent to distribute 50 grams or more of methamphetamine (Count 3), in violation of 21 U.S.C. §§ 846, 841(a)(1). During the plea hearing, Petitioner admitted that he knowingly stored methamphetamine at his apartment as part of an agreement with other individuals.

3

(Transcript of Plea Hearing at 16-17 (Doc. 153)). He further admitted that he carried a box containing more than 50 grams of methamphetamine into his apartment. (Id. at 17-18).

Petitioner was sentenced to 170 months for each count, to be served concurrently, and to 5 years of supervised release for each count, also to be served concurrently. Petitioner appealed his sentence, and the Ninth Circuit Court of Appeals affirmed.

Petitioner now moves for habeas corpus relief under 28 U.S.C. § 2255. Petitioner filed numerous attachments along with his initial habeas corpus petition. The first attachment (Doc. 139-1) contains no title or caption; it contains a numbered list of points that begins with "3)" and appears to be missing the first page. The Court will refer to this attachment as the "Supplement" to the Petition. The second attachment (Doc. 139-2) is a 49 page "Memorandum of Law" in support of the habeas Petition. The third attachment (Doc. 139-3) is a 34 page additional "Memorandum of Law" in support of the habeas Petition. Attachments 4 through 17 (Docs. 139-4 to 139-17) comprise a lengthy "Appendix" of documents that includes copies of various congressional records. Petitioner also filed an "Errata" (Doc. 143), which is a slightly edited version of his initial habeas petition and the supplement to it (Docs. 139, 139-1).

## STANDARD OF REVIEW

Title 28 U.S.C. § 2255 ("Section 2255") permits a federal

prisoner in custody, under sentence of a court, claiming the right to be released on the ground that the sentence imposed was in violation of the Constitution or laws of the United States, to move the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255.

Section 2255 requires the court to hold an evidentiary hearing on the prisoner's petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A court need not hold an evidentiary hearing on a prisoner's § 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

## ANALYSIS

**Grounds for Relief**

Petitioner filed 108 pages of argument, in five separate documents, in support of his Petition for habeas relief.

5

Petitioner's arguments are presented in a disorganized and confusing manner. Much of the argument is not coherent. After reviewing these documents, the Court identifies the following arguments as the grounds on which Petitioner claims he is entitled to be immediately released: (1) the Court lacked subject matter jurisdiction over Petitioner's criminal case; (2) Titles 18 and 21 of the United States Code are unconstitutional; (3) it is unconstitutional for the government to set penalties for crimes other than counterfeiting, piracy, and treason; (4) the grand jury was not comprised of residents of a federal territory; (5) Petitioner is entitled to a jury trial of his habeas claims pursuant to the Northwest Ordinance; and (6) Petitioner was provided with ineffective assistance of counsel. Each of these claims are considered in turn.

**I. Subject Matter Jurisdiction**

Petitioner argues that the Court lacked subject-matter jurisdiction because the United States "did not show they owned or was [sic] ceded the land." ("Supplement" to Petition at 5 (Doc. 139-1). Petitioner also argues that the Court lacks power over his case because it is not an Article III court.

Subject matter jurisdiction is necessary for the court to have power to hear a particular type of case. United States v. Morton, 467 U.S. 822, 827 (1984). Under Article III of the United States Constitution, the judicial power of the United States is vested in

"such inferior Courts as Congress may from time to time establish." United States v. Delgado-Garcia, 374 F.3d 1337 (D.C. Cir. 2004); U.S. Const., art III, § 2. Congress has provided federal district courts with "original jurisdiction . . . of all offenses against the United States." 18 U.S.C. § 3231.

The United States District Court of Hawaii is an Article III court. Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006). United States District Courts have "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Subject matter jurisdiction over criminal prosecutions is conferred on federal courts by an indictment that charges the defendant with an offense against the United States. See United States v. Ratigan, 351 F.3d 957, 963 (9th Cir. 2003); United States v. Jackson, 313 F.3d 231, 233 (5th Cir. 2002).

Petitioner was indicted for violating offenses against the United States under 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. (See Indictment (Doc. 10)). There is no requirement that the offenses set forth in these statutes be committed on federal land in order to constitute offenses against the United States. See 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2; United States v. Irarte-Ortega, 113 F.3d 1022 (9th Cir. 1997); United States v. Basinger, 60 F.3d 1400 (9th Cir. 1995). Because Petitioner was indicted for violated offenses against the United States, the Court had subject-

matter jurisdiction over Petitioner's criminal prosecution.

**II. Constitutionality of Titles 18 and 21 of the United States Code ("U.S.C.")**

Petitioner argues that Titles 18 and 21 of the U.S.C. are unconstitutional because they were not properly ratified into "positive law." Defendant argues that until Congress enacts a title of the United States Code into "positive" law, the title has no legal force.

This argument is frivolous and rests on a misunderstanding of what it means for a statute to be enacted into positive law. Whether a statue has been enacted into positive law only concerns where one looks to find the official wording of the statute. See 1 U.S.C. § 204(a). Although a statute has not been enacted into positive law, the statutes at large in the United States Code constitute prima facie "legal evidence" of the laws of the United States. 1 U.S.C. § 112 (1982). Title 18 has been enacted into positive law. Cohen v. United States, 2010 WL 1962058, at *2 (D. Ariz. 2010). But even if Title 18 had not been enacted into positive law, it would still be enforceable. Whether or not a statute has been enacted into "positive law" has only evidentiary significance, and has no effect on the underlying validity of the enactment. Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985) (holding that Title 26 is enforceable even though it was not enacted into positive law).

8

As numerous courts have held, the failure to enact a title into "positive law" does not render the underlying enactment invalid. See, e.g. Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985); Five Flags Pipeline, Co. v. Department of Transportation, 854 F.2d 1438, 1440 (D.C. Cir. 1988); United States National Bank of Oregon v. Independent Insurance Agents, 508 U.S. 439, 448 (1993); United States v. O'Connor, 737 F.2d 814, 819 (9th Cir. 1984). Petitioner's argument that the statutes under which he was convicted are unconstitutional because they were not enacted into positive law manifestly fails. Title 21 was enacted into positive law, but even if it were not, that would have no bearing on its constitutionality or enforceability.

**III. Constitutionality of Federal Crimes**

Petitioner argues that the federal government lacks authority under the Constitution to set penalties for crimes other than counterfeiting, piracy, and treason. Petitioner was sentenced to drug crimes under Title 21 of the United States Code, which is part of the Comprehensive Drug Abuse Prevention and Control Act of 1970. The Act establishes federal criminal penalties for drug offenses. United States v. Rosenberg, 515 F.2d 190, 193-94 (9th Cir. 1975), cert. denied 423 U.S. 1031.

Petitioner's argument that the criminal penalties established under Title 21 are unconstitutional fails. The Supreme Court has upheld federal drug laws and federal criminal penalties as a

constitutional exercise of Congress's authority under the Commerce Clause of the United States Constitution. Gonzalez v. Raich, 545 U.S. 1, 30 (2005); see also United States v. Staples, 85 F.3d 461, 463 (9th Cir. 1996) ("[D]rug trafficking is a commercial activity which substantially affects interstate commerce."); United States v. Visman, 919 F.2d 1390, 1393 (9th Cir. 1990) cert. denied, 502 U.S. 969 (1991) (holding that it is constitutional for Congress to regulate intrastate cultivation of marijuana plants because it affects interstate commerce); United States v. Kim, 94 F.3d 1247, 1250 (9th Cir. 1996).

Other than Petitioner's argument that it is unconstitutional for the federal government to penalize crimes other than counterfeiting, piracy, and treason, Petitioner presents no other grounds on which the federal drug laws are unconstitutional. Petitioner's argument that the federal drug laws are unconstitutional fails.

**IV. Grand Jury Composition**

Petitioner argues that the grand jury, which indicted him, "consisted of citizens outside territorial composition of where Article III jurors are to be drawn." (Doc. 143 at 8). Although Petitioner's argument is confusing, he appears to be claiming that the jurors should have been drawn from a federal territory, rather than the State of Hawaii: "Any grand and petit juror that resides outside a federal territory does not reside within the district and

can successfully be challenged." (Doc. 143 at 8).

Petitioner cites no authority, other than a reference to the Sixth Amendment, in support of this argument. The Sixth Amendment does not require members of a grand jury to reside in a federal territory. Litigants in federal courts entitled to a trial by jury "have the right to grand and petit juries selected at random from a fair cross section of the community in the district of division wherein the court convenes." 28 U.S.C. § 1861; see also United States v. Miller, 771 F.2d 1219, 1228 (9th Cir. 1985) (noting that 28 U.S.C. § 1861 codifies the Fifth and Sixth Amendments fair cross-section requirement in the context of the selection of grand juries).

Petitioner does not argue that the grand jury was not comprised of a fair cross section of the District of Hawaii, or present any other reason the grand jury was improperly composed. Because Petitioner points to no evidence that the grand jury was not composed of a fair cross section of persons from the District of Hawaii, or raise other legal grounds on which the grand jury was improperly composed, Petitioner's argument regarding the composition of the grand jury fails.

## V. Demand for Jury Trial Pursuant to the Northwest Ordinance

Petitioner demands a jury trial "pursuant to Northwest Ordinance" to "decide the important issues within this writ." (Doc. 143 at 10). It is well established that a habeas petitioner is not

entitled to a jury trial of his habeas allegations. <u>Bean v. Calderon</u>, 166 F.R.D. 452, 454 (E.D. Cal. 1996). Petitioner's demand for a jury trial of his habeas allegations is denied.

**VI. Ineffective Assistance of Counsel**

In his initial petition (Doc. 139), Petitioner argued that he was provided with ineffective assistance of counsel because: "as a whole . . . all of these issues support a finding of ineffective assistance of counsel." (Doc. 139 at 1). Petitioner omitted this claim from the "Errata" version of his Petition. (Doc. 143). Other than referencing the whole of the issues presented in his petition, the Petition does not identify any other manner in which his counsel was ineffective. In his Reply to the government's supplemental Response to the Petition, however, Petitioner identifies two additional claims that his counsel was ineffective: (1) "allowing or advising Petitioner to enter a plea to a Magistrate Judge instead of an Article III Judge," and (2) allowing him to enter a plea that was not knowing or voluntary. (Doc. 155 at 8).

**A. Standard**

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court held that an ineffective assistance of counsel claim must be supported by a showing of two components. First, the defendant must show that his counsel's performance was so deficient that the counsel was not functioning as "counsel" under the Sixth Amendment.

12

Id. at 691-92.  Second, the defendant must show that his counsel's deficient performance prejudiced his case to the extent that it deprived him of a fair trial.  Id.  The performance of the counsel is evaluated by its "reasonableness under prevailing professional norms." Id. at 687.  The Supreme Court has cautioned that "judicial scrutiny of counsel's performance must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

To show that a counsel's performance has not met this standard, a petitioner must identify the counsel's acts and omissions that were the result of unprofessional judgment. Id. at 690.  The Court then determines, in light of all the circumstances, whether the identified acts or omissions were outside the wide range of professionally competent assistance. Id.

If the Court finds the counsel's performance was deficient, the petitioner must also prove prejudice result.  Id.  To prove prejudice, the petitioner must show that there was a reasonable probability that, but for the counsel's errors, the proceeding would have had a different result. Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

**B. Application**

Petitioner fails to establish either of the two Strickland prongs.  Petitioner's arguments that his counsel was ineffective

for failing to raise the issues he raises in his Petition, for allowing him to plea before a Magistrate Judge, and for allowing him to enter a plea that was not knowing or voluntary, are considered separately below.

**Issues Raised in Habeas Petition**

Petitioner's primary argument is that his counsel was ineffective for failing to raise all of the issues set forth by Petitioner in his habeas petition. As discussed above, the claims in Petitioner's petition are all plainly frivolous and lacking in merit. Petitioner's counsel's failure to raise these manifestly non-meritorious issues does not constitute a failure to act with the reasonableness required by professional norms. Since the issues presented by Petitioner are all lacking in merit, Petitioner's case could not have been prejudiced by counsel's failure to present them.

**Plea Before Magistrate Judge**

Petitioner claims that his counsel was ineffective for "allowing or advising Petitioner to enter a plea to a Magistrate Judge instead of an Article III Judge." (Doc. 155 at 8). This argument fails. It is well established that Magistrate Judges have authority to preside over felony plea colloquies pursuant to Federal Rule of Criminal Procedure 11 with the consent of the parties. United States v. Reyna-Tapia, 328 F.3d 1114, 1119 (9th Cir. 2003). It was not unreasonable for Petitioner's counsel to

advise Petitioner to agree to the common practice of entering a plea before a Magistrate Judge. Petitioner has pointed to no evidence that he was prejudiced in any way by entering a plea before a Magistrate Judge rather than a district judge.

**Voluntariness of Plea**

Petitioner also claims in his Reply, for the first time, that his plea was not voluntary, intelligent or knowing. Petitioner presents no evidence that supports his argument. The transcript of the plea hearing reflects that Petitioner's plea was entered into knowingly and voluntarily, with the Magistrate Judge explaining Petitioner's rights at length and asking Petitioner questions to ensure the voluntariness of his statements. Petitioner excerpts a portion of his testimony that he argues reflects that he did not know he was transporting methamphetamine. When placed in context, however, Petitioner's testimony made it clear that he knew he was transporting methamphetamine.

    **A.   Testimony at Plea Hearing**

At the hearing on Petitioner's Motion to Withdraw Not Guilty Plea and to Plea Anew, the Magistrate Judge advised Petitioner at length on his rights and the consequences of his plea. Petitioner was advised of his right to enter a plea before a District Judge, and warned of the consequences of entering a plea before the Magistrate Judge:

> The Court [Magistrate Judge Chang]: Mr. Daniels, if you choose to enter guilty pleas in this case, you have the

right to enter those pleas before a United States District Judge. If you consent, however, you may enter your guilty plea before me, a United States Magistrate Judge. If you enter a guilty plea here today, Judge Gillmor would impose a sentence at a later hearing. Do you understand that?

Defendant: Yes, sir.

The Court: I have before me a document entitled Consent to Rule 11 Plea in a Felony Case before a United States Magistrate Judge. Mr. Daniels, did you sign this document?

Defendant: Yes, sir.

The Court: Is it your wish to enter your pleas before me, a magistrate judge, and to give up or waive your right to enter those pleas before a United States District Judge?

Defendant: Yes, sir.

(Transcript of Motion to Withdraw Not-Guilty Plea and to Plea Anew at 5, (Doc. 153)).

The Magistrate Judge also asked Petitioner a series of questions to verify that he was competent to enter a plea. Petitioner stated his name and age, that he had attended school through the twelfth grade and one semester of college, and that had not take any medication, alcohol, or drugs on the day of the hearing. (Id. at 3-4). Petitioner stated that he understood what was going on at the hearing, and there was no indication in his responses to the contrary. (Id. at 3-4). Petitioner also stated that no one had promised him anything in return for his plea or attempted to force or pressure him to plead guilty in any way. (Id. at 6). Petitioner stated that he understood the charges and the

16

Court's summary of the possible penalties he would receive for pleading guilty. Magistrate Judge Chang explained all the consequences of a guilty plea to Petitioner at length, and Petitioner stated that he understood everything Judge Change had told him. (Id. at 6-13).

After receiving the Magistrate's warnings and indicating that he understood them, Petitioner testified as to the nature of his crime. Petitioner explained that he knowingly stored methamphetamine in his apartment as part of an agreement with other individuals, and that he knew the methamphetamine that he stored was intended to be distributed to third persons. Describing the conduct for which he had been indicted, Petitioner testified that he carried a box into his apartment that he believed contained methamphetamine.

    **B.    Testimony Cited By Petitioner**

In support of his claim that his plea was not knowing or voluntary, Petitioner quotes a brief passage of the transcript of the plea hearing:

> The Court: All right. With regards to Count II of the indictment, which is intent to possess with intent to distribute, what did you do?
>
> Defendant: Um. What I did is (inaudible) and I carried the box which was supposed to be containing, I guess, the drugs into my apartment.
>
> The Court: So you accepted the box that you thought contained methamphetamine?
>
> Defendant: I didn't know what was in the box. I just took

17

> it upstairs. But I --
>
> The Court: Did you --
>
> Defendant: - later on found out that it was supposed to have (inaudible) in it.

(Id. at 17). Petitioner apparently quotes this passage to suggest that he did not know he was transporting methamphetamine. The passage quoted by Petitioner omits the testimony that immediately followed:

> The Court: Was it your belief that there were drugs in that box?
>
> Defendant: Yes.
>
> The Court: Did you expect that the drugs would be methamphetamine?
>
> Defendant: I was pretty - I was pretty sure.

(Id. at 17-18). The passage Petitioner quoted also omits Petitioner's testimony that he knowingly stored methamphetamine at his apartment as part of an agreement with other individuals, and knew that it was intended to be distributed to third parties.

Petitioner's citation to testimony that he did not "know" with certainty that methamphetamine was in the box does not provide evidence that his plea was entered involuntarily or unknowingly. Petitioner testified that he believed and was "pretty sure" that the box contained methamphetamine and that he knowingly stored methamphetamine in his apartment as part of an agreement with other individuals.

Petitioner has not presented any evidence to show his plea was

18

not entered into knowingly and voluntarily. The Court finds that Petitioner's plea was entered knowingly, intelligently, and voluntarily.

**V. Petitioner is Not Entitled To a Certificate of Appealability**

Under 28 U.S.C. § 2253(c), a petitioner must make a "substantial showing of the denial of a constitutional right" in order to obtain a certificate of appealability when the district court has denied a habeas claim on the merits. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999). To satisfy this standard, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

Petitioner has not made the required showing for a certificate of appealability. Petitioner has not made any showing of a denial of a constitutional right under the United States Constitution. Petitioner's arguments that Counsel provided ineffective assistance are unsupported by the record. Reasonable jurists could not debate the Court's conclusion that Petitioner has failed to state a valid claim of the denial of a constitutional right.

**CONCLUSION**

Petitioner fails to establish any grounds to vacate, set aside, or correct his sentence. The Court had subject matter

jurisdiction over Petitioner's criminal prosecution, the federal statutes under which Petitioner was convicted are constitutional, the grand jury was properly composed, and Petitioner's counsel was not ineffective. Petitioner's plea was entered into knowingly and voluntarily. Finally, Petitioner is not entitled to a jury trial of his habeas claims.

Petitioner's Petition for relief under 28 U.S.C. § 2255 is **DENIED.**

Petitioner is not entitled to a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

DATED: March 9, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor
Helen Gillmor
United States District Judge

*Joe Daniels v. United States*; Civil No. 10-00495 HG-BMK; **AMENDED ORDER GRANTING DENYING PETITIONER'S PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DOC. 19).**